UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAYNE ELIJAH JONES, INMATE #20902359,<br><br>                              Plaintiff,<br><br>vs.<br><br>R. PENG, et al.,<br><br>                              Defendants. | Case No.:  21-cv-1912-MMA (LL)<br><br>**ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERIS PURSUANT TO 28 U.S.C. § 1915(a) AND DISMISSING CIVIL ACTION WITHOUT PREJUDICE FOR FAILURE TO PREPAY FILING FEES REQUIRED BY 28 U.S.C. § 1914(a)** |

Plaintiff Wayne Elijah Jones, incarcerated at the Vista Detention Facility in Vista, California, is proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. Doc. No. 1.  Plaintiff did not pay the civil filing fee required by 28 U.S.C. § 1914(a) and has instead filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a).  Doc. No. 2.

### MOTION TO PROCEED IFP

All parties instituting any civil action in a district court of the United States, except a petition for writ of habeas corpus, must pay a filing fee of $402, and the action may proceed despite a failure to prepay the entire fee only if leave to proceed IFP is granted

pursuant to 28 U.S.C. § 1915(a).[1]  *See* 28 U.S.C. § 1914(a); *Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007).  Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005); 28 U.S.C. § 1915(h) (defining a "prisoner" as "any person" who at the time of filing is "incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program").  From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets.  *See* 28 U.S.C. § 1915(b)(1) & (4).  The institution collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which the account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid.  *See* 28 U.S.C. § 1915(b)(2). Plaintiff remains obligated to pay the entire fee in monthly installments regardless of whether their action is ultimately dismissed.  *Bruce v. Samuels*, 577 U.S. 82, 84 (2016); 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Plaintiff has not submitted a copy of his inmate account in support of his IFP Motion or an institutional equivalent.  Doc. No. 2 at 1–3.  The Motion to Proceed IFP fails to comply with 28 U.S.C. § 1915(a)(2) because it does not include a certified copy of his trust fund account statement or an "institutional equivalent" attesting as to his trust account activity and balances for the 6-month period preceding the filing of this action.  *See* 28 U.S.C. § 1915(a)(2); CivLR 3.2.b.  Without this accounting, the Court is unable to fulfill

---

[1] In addition to a $350 fee, civil litigants, other than those granted leave to proceed IFP, must pay an additional administrative fee of $52.  *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2020)).

its statutory duty to assess the appropriate amount of initial filing fee which may be required to further prosecute this case. *See* 28 U.S.C. §1915(b)(1). The Court therefore **DENIES** Plaintiff's IFP motion without prejudice.

## CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion to Proceed IFP without prejudice to Plaintiff providing the required document. The Court further **DISMISSES** this action without prejudice for failure to prepay the civil filing fee. Plaintiff is **GRANTED** forty-five (45) days leave from the date this Order is filed to either: (a) prepay the entire $402 civil filing and administrative fee in full; or (b) complete and file a Motion to Proceed IFP which complies with 28 U.S.C. § 1915(a)(2) and CivLR 3.2(b). The Court **DIRECTS** the Clerk of the Court to provide Plaintiff a copy of the Court's approved form "Motion and Declaration in Support of Motion to Proceed In Forma Pauperis." If Plaintiff fails to timely prepay the civil filing fee or timely complete and submit the enclosed Motion to Proceed IFP the Court will enter a final judgment of dismissal.[2]

**IT IS SO ORDERED**.

Dated: November 22, 2021

HON. MICHAEL M. ANELLO
United States District Judge

---

[2] Plaintiff is cautioned that if he chooses to proceed further by either prepaying the full $402 civil filing fee, or submitting a properly supported Motion to Proceed IFP, his Complaint will be reviewed before service and may be dismissed sua sponte pursuant to 28 U.S.C. § 1915A(b) and/or 28 U.S.C. § 1915(e)(2)(B), regardless of whether he pays the full filing fee at once or is granted IFP status. *See Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to sua sponte dismiss an in forma pauperis complaint that is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune); *see also Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing similar screening required by 28 U.S.C. § 1915A of all complaints filed by prisoners "seeking redress from a governmental entity or officer or employee of a governmental entity").