UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAYNE ELIJAH JONES, INMATE #20902359,<br><br>                              Plaintiff,<br><br>           vs.<br><br>R. PENG, et al.,<br><br>                              Defendants. | Case No.:  21-cv-1912-MMA (BLM)<br><br>**ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS PURSUANT TO 28 U.S.C. § 1915(a) AND DISMISSING COMPLAINT WITH LEAVE TO AMEND PURSUANT TO 28 U.S.C. §§ 1915(e)(2)(B) AND 1915A(b)** |

On November 11, 2021, Plaintiff Wayne Elijah Jones, incarcerated at the Vista Detention Facility in Vista, California, at the time of filing but since transferred to the San Diego Central Jail in San Diego, California, and proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983.  Doc. No. 1.  Plaintiff did not pay the civil filing fee required by 28 U.S.C. § 1914(a) and instead filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a).  Doc. No. 2.

On November 22, 2021, the Court denied Plaintiff's IFP Motion because it did not contain a certified copy of the trust fund account statement or institutional equivalent. Doc. No. 3.  The Court also dismissed this action without prejudice to Plaintiff to either pay the filing fee or submit a properly supported IFP Motion.  Doc. No. 3.

On December 9, 2021, Plaintiff renewed his IFP motion.  Doc. No. 5.  On December 15, 2021, the Court once again denied the motion based on Plaintiff's failure to provide the Court with the required financial documentation.  Doc. No. 6.

On January 13, 2022, Plaintiff filed a certified copy of his inmate trust account statement which the Court construes as a renewed IFP Motion.  Doc. No. 8.  In addition, he filed exhibits in support of the Complaint on January 14, 2022, and January 25, 2022. Doc. Nos. 9–10.

# I. MOTION TO PROCEED IFP

All parties instituting any civil action in a district court of the United States, except a petition for writ of habeas corpus, must pay a filing fee of $402, and the action may proceed despite a failure to prepay the entire fee only if leave to proceed IFP is granted pursuant to 28 U.S.C. § 1915(a).[1]  *See* 28 U.S.C. § 1914(a); *Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007).  Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint."  28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005); 28 U.S.C. § 1915(h) (defining a "prisoner" as "any person" who at the time of filing is "incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program").  From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets.  *See* 28 U.S.C. § 1915(b)(1) & (4).  The institution collects

---

[1]  In addition to a $350 fee, civil litigants, other than those granted leave to proceed IFP, must pay an additional administrative fee of $52.  *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2020)).

subsequent payments, assessed at 20% of the preceding month's income, in any month in which the account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2). Plaintiff remains obligated to pay the entire fee in monthly installments regardless of whether their action is ultimately dismissed. *Bruce v. Samuels*, 577 U.S. 82, 84 (2016); 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

In support of his renewed IFP Motion, Plaintiff has submitted a certified copy of his prison certificate which indicates that during the six months prior to filing suit he had an average monthly balance of $2.34 and average monthly deposits of $50.14, and has an available balance of $14.05 in his account at the time he filed suit. Doc. No. 8 at 1.

Therefore, the Court **GRANTS** Plaintiff's Motion to Proceed IFP and imposes an initial partial filing fee of $10.03 pursuant to 28 U.S.C. § 1915(b)(1). The remaining balance of the $339.97 fee owed in this case will be collected by the agency having custody of the prisoner and forwarded to the Clerk of the Court pursuant to 28 U.S.C. § 1915(b)(2).

## II.   SCREENING PURSUANT TO 28 U.S.C. § 1915A(b)

### A.   Standard of Review

As defined by the PLRA, a "prisoner" is "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h). Plaintiff satisfies that definition because he indicates he is charged with a crime awaiting trial. Doc. No. 10 at 2.

Because Plaintiff is a prisoner and is proceeding IFP, his Complaint requires a pre-Answer screening pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b). Under these statutes, the Court must *sua sponte* dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir.

2010) (discussing 28 U.S.C. § 1915A(b)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that § 1915A screening "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim. *Iqbal*, 556 U.S. at 678.

Title 42 U.S.C. § 1983 "creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (internal quotation marks and citations omitted).

## B.   Plaintiff's Allegations

Plaintiff brings this action for violation of his rights to due process and to be free from cruel and unusual punishment under the Fourteenth Amendment, and names as Defendants Oceanside Police Officers Peng, Ellgard, Kaldenbach and Schmidt, and "L.A. Peace Officer Barrogan." Doc. No. 1 at 1–3. He alleges that on January 11, 2021, an "officer beat me with iron stick, before identifying me and tazzed me. I hit the ground and another police jump on my back and tazz me." *Id*. at 1. He alleges that while subsequently incarcerated at the Vista Detention Facility, his right to be free from cruel and unusual punishment was violated because he has been verbally harassed, subject to injustices, and has had his human, civil, religious and constitutional rights violated. *Id*. at

2.  He states that he has been hearing voices of people who are not there due to a chemical imbalance in his brain for which he is taking medication, and that the voices sometimes curse at him and tell him to kill himself.  *Id*.  He alleges inmates from the top tier have been harassing him and threatening him and his family, and although he has written to a deputy, nothing was done.  *Id*. at 2.  He claims his character has been assassinated, that his arrest was based on false charges, false witnesses and a lack of probable cause, and states that he wants to be released from custody.  *Id*. at 2–4.  He seeks to hold Defendants financially liable for what he has been through during his arrest and while housed at the Vista Detention Facility.  *Id*. at 3.

**C.    Analysis**

"Inmates who sue prison officials for injuries suffered while in custody may do so under the Eighth Amendment's Cruel and Unusual Punishment Clause or, if not yet convicted, under the Fourteenth Amendment's Due Process Clause."  *Castro v. County of Los Angeles*, 833 F.3d 1060, 1067–68 (9th Cir. 2016).  "Under both clauses, the plaintiff must show that the prison officials acted with 'deliberate indifference.'"  *Id*. at 1068.

Under the Eighth Amendment, a prison official cannot be found liable for denying an inmate humane conditions of confinement "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).  The Eighth Amendment provides for a subjective standard for deliberate indifference.  However, for pre-trial detainees bringing claims under the Fourteenth Amendment there is an objective standard of deliberate indifference, which is "more than negligence but less that subjective intent - something akin to reckless disregard."  *Castro*, 833 F.3d at 1068–71.

"To be cruel and unusual punishment, conduct that does not purport to be punishment at all must involve more than ordinary lack of due care for the prisoner's interests or safety. . . . It is obduracy and wantonness, not inadvertence or error in good

faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause." *Whitley v. Albers*, 475 U.S. 312, 319 (1986). The allegations that other inmates have verbally harassed Plaintiff and that he wrote to a deputy about it, but nothing was done fail to state a cruel and unusual punishment claim. *See Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987) (mere verbal harassment or abuse does not violate the constitution and does not give rise as a 42 U.S.C. § 1983 claim); *Somers v. Thurman*, 109 F.3d 614, 624 (9th Cir. 1997) ("To hold that gawking, pointing, and joking violates the prohibition against cruel and unusual punishment would trivialize the objective component of the Eighth Amendment test and render it absurd.")

Although Plaintiff references violations of his "Religious Rights" in the Complaint, Doc. No. 1 at 2, and in an exhibit contends he has a right not to have a substantial burden placed on the exercise of his religious beliefs and is "religiously being targeted" and persecuted "for my religious beliefs," Doc No. 10 at 1–11, there are no factual allegations supporting such a claim. He has therefore failed to state a claim for relief regarding deprivation of his right to freedom of religion. *See Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim).

With respect Plaintiff's claim that excessive force was used during his arrest, allegations of excessive force during an arrest are analyzed under the Fourth Amendment's "objective reasonableness standard," which prohibits arrests without probable cause or other justification. *Graham*, 490 U.S. at 388 ("[T]he reasonableness inquiry in an excessive force case is an objective one: the question is whether the officers' actions are objectively reasonable in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation.").

Plaintiff alleges he was "beat with an iron stick," was tasered, and that a police officer jumped on his back during his arrest. Doc. No. 1 at 1. However, there are no factual allegations regarding the circumstances surrounding his arrest which could plausibly allege the officers' actions were not "objectively reasonable in light of the facts

and circumstances confronting them." *Graham*, 490 U.S. at 388.  In addition, Plaintiff fails to identify which Defendant committed which act.  *See Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) ("The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation.").  The conclusory allegations of excessive use of force during Plaintiff's arrest are insufficient to satisfy the screening provisions of 28 U.S.C. §§ 1915(e)(2) & 1915A(b) because such "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim.  *Iqbal*, 556 U.S. at 678.

Plaintiff's claim for false arrest based on his contention that probable cause was lacking is also entirely conclusory.  *See Yousefian v. City of Glendale*, 779 F.3d 1010, 1014 (9th Cir. 2015) (holding that absence of probable cause is an essential element of a claim for false arrest under § 1983).  "Police have probable cause to arrest where 'the facts and circumstances within their knowledge and of which they (have) reasonably trustworthy information (are) sufficient to warrant a prudent man in believing that the (suspect) had committed or was committing an offense.'"  *Beier v. City of Lewiston*, 354 F.3d 1058, 1064 (9th Cir. 2004), quoting *Beck v. Ohio*, 379 U.S. 89, 91 (1964); s*ee also Roberts v. McAfee, Inc.*, 660 F.3d 1156, 1166 (9th Cir. 2011) ("[U]nder California law, the indictment itself created a *prima facie* presumption 'that probable cause existed for the underlying prosecution.'") (quoting *Conrad v. United States*, 447 F.3d 760, 768 (2006)).  Without any factual allegations as to why Plaintiff claims he was arrested without probable cause, the Complaint fails to state a claim for false arrest.  *Yousefian*, 779 F.3d at 1014; *Iqbal*, 556 U.S. at 678.

To the extent Plaintiff seeks release from custody, such a remedy is not available in a 42 U.S.C. § 1983 action but must be sought through habeas corpus.  *See Wilkinson v. Dotson*, 544 U.S. 74. 78 (2005) ("This Court has held that a prisoner in state custody cannot use a § 1983 action to challenge the fact or duration of his confinement.  He must seek federal habeas corpus relief (or appropriate state relief) instead.") (citations

omitted).  Accordingly, Plaintiff's Complaint must be dismissed *sua sponte* for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b).

**D.     Leave to Amend**

In light of Plaintiff's *pro se* status, the Court grants him leave to amend to attempt to sufficiently allege a claim if he can.  *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a pro se complaint without leave to amend [pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)] unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'"), quoting *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012).

### III. CONCLUSION

Based upon the foregoing, the Court **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) and **DIRECTS** the Watch Commander of the San Diego Central Jail, or his or her designee, to collect from Plaintiff's inmate trust account the initial partial filing fee of $10.03 and forward it to the Court, and then collect the $339.97 remainder of the filing fee owed in this case by garnishing monthly payments in an amount equal to twenty percent (20%) of the preceding month's income and forwarding those payments to the Clerk of the Court each time the amount in the account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2).  The Court **DIRECTS** the Clerk of the Court to serve a copy of this Order on Watch Commander, San Diego Central Jail, 1173 Front Street, San Diego, California, 92101.

The Court further **DISMISSES** Plaintiff's Complaint for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b) and **GRANTS** him forty-five (45) days leave from the date of this Order in which to file a First Amended Complaint which cures the deficiencies of pleading noted.  The First Amended Complaint must be complete by itself without reference to the original Complaint.  Any Defendants not named and any claims not re-alleged in the First Amended Complaint will be considered waived.  *See* Cal. CivLR 15.1; *Hal Roach*

*Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled"). If Plaintiff fails to timely file a First Amended Complaint, the Court will enter a final Order dismissing this civil action. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

**IT IS SO ORDERED**.

Dated: January 28, 2022

HON. MICHAEL M. ANELLO
United States District Judge