UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAYNE ELIJAH JONES,<br>INMATE #20902359,<br><br><div align="right">Plaintiff,</div><br>vs.<br><br>P. PENG, et al.,<br><br><div align="right">Defendants.</div> | Case No.  21-cv-1912-MMA (BLM)<br><br>**ORDER DISMISSING CIVIL ACTION FOR FAILURE TO PROSECUTE IN COMPLIANCE WITH COURT ORDER** |

On November 9, 2021, Plaintiff Wayne Elijah Jones, incarcerated at the Vista Detention Facility in Vista, California, but subsequently transferred to the San Diego County Jail, proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983 accompanied by a motion to proceed in forma pauperis.  Doc. Nos. 1, 2.  After the Court twice denied Plaintiff leave to proceed in forma pauperis for lack of adequate supporting financial documentation, *see* Doc. Nos. 3, 6, Plaintiff provided the proper financial documents on January 13, 2022, Doc. No. 8.

On January 28, 2022, the Court granted Plaintiff's motion to proceed in forma pauperis and screened the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).  Doc. No. 11.  The Court dismissed the Complaint for failure to state a

claim upon which relief may be granted, notified Plaintiff of the deficiencies of his pleading, and granted leave to amend on or before March 14, 2022. *Id*. at 5–9. Plaintiff was instructed that a failure to timely amend would result in a final order of dismissal of this action. *Id*. at 9 (citing *Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.")).

Nearly two months have elapsed since the time to amend expired, and Plaintiff has not amended in compliance with this Court's Order or otherwise contacted the Court. This Court has discretion to *sua sponte* dismiss a case for lack of prosecution or failure to comply with a court order. *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986); *see also* Fed. R. Civ. P. 41(b) (providing for involuntary dismissal for failure to prosecute or comply with the federal rules or court order). "The failure of the plaintiff eventually to respond to the court's ultimatum–either by amending the complaint or by indicating to the court that [he] will not do so–is properly met with the sanction of a Rule 41(b) dismissal." *Edwards v. Marin Park*, 356 F.3d 1058, 1065 (9th Cir. 2004).

"In determining whether to dismiss a claim for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992)). Because the Court has informed Plaintiff of his need to amend but he has failed to do so, factors one, two and four weigh in favor of dismissal. *See Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("[T]he public's interest in expeditious resolution of litigation always favors dismissal."); *Pagtalunan*, 291 F.3d at 642 ("The trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest."); *Nevijel v. North Coast Life Insurance Co*., 651 F.2d 671, 674 (9th Cir. 1981)

(a court is not required to exhaust all alternatives prior to dismissal).  Factor five does not weigh against dismissal.  *See In re Phenylpropanolamine (PPA) Prod. Liab. Litig.*, 460 F.3d 1217, 1227 (9th Cir. 2006) (the public policy favoring disposition on the merits does not weigh against dismissal where plaintiff's "conduct impedes progress in that direction")  Only factor three does not weigh in favor of dismissal.  *See Pagtalunan*, 291 F.3d at 642 (where defendants have not appeared, "[w]e have previously recognized that pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal")

Weighing these factors, the Court finds that a final judgment of dismissal is appropriate.  *See Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998) ("We may affirm a dismissal where at least four factors support dismissal, or where at least three factors 'strongly' support dismissal.") (internal citation omitted) (quoting *Ferdik*, 963 F.2d at 1263).

Accordingly, the Court **DISMISSES** this civil action without prejudice based on Plaintiff's failure to prosecute by amending his Complaint as required by Court's January 28, 2022, Order.  The Court **DIRECTS** the Clerk of Court to enter a final judgment of dismissal and close the case.

**IT IS SO ORDERED**.

Dated:  May 12, 2022

HON. MICHAEL M. ANELLO
United States District Judge